IN RE ESTATE OF ERIKSON : ERIKSON ET AL., APPELLANTS, *v.* HEISER, EXR., APPELLEE.

(No. 3510—Decided October 22, 1942.)

*Messrs. Musser, Kimber & Huffman* and *Mr. Rolf Fosseen,* for appellants.

*Messrs. Smoyer, Kennedy, Smoyer & Vogel* and *Mr. Fred E. Renkert,* for appellee.

DOYLE, P. J. The judgment of the Probate Court of Summit county from which this appeal on questions

of law is prosecuted, is an order dismissing exceptions to the final account filed by the executor, Edward N. Heiser, in the estate of Evald Erikson, deceased.

The exceptors, who come within the statutory class of persons permitted to file such exceptions, alleged:

"1. That the allowances made to the executor, Edward N. Heiser," and to two attorneys at law engaged by the executor with the approval of the Probate Court to handle matters of the estate, "were unwarranted, excessive, unreasonable, and constituted an abuse of discretion by the court;

"2. That it was unnecessary and improper to appoint two attorneys to assist the executor, who is an experienced lawyer; and

"3. That the services performed amounted to merely a duplication of work, warranting the payment of but one reasonable fee."

The record before this court shows that, by journal entry, the Probate Court, upon application, allowed a fee of $5,000 to the executor "for compensation for ordinary services rendered said estate and * * * for extraordinary services rendered beyond the common course of his duty," and also a fee of $5,000 to each of two attorneys for services rendered the estate. For aught that appears, the journal entries were the culmination of an ex parte proceeding upon application of the executor, the various statements of account and certain evidence.

In the final paragraph of the entries appears the following:

"The foregoing allowances are to be listed as a credit in the account of said fiduciary and are subject to exception as other items of credit in accounts."

The final account shows the amounts allowed, to wit, $15,000, as *credits* taken by the executor.

A hearing in compliance with the statute was duly

held on the exceptions to the final account, at which the claimants were content to rest upon the action of the Probate Court and not attempt to prove their claims for services in detail, nor the value thereof. It was the opinion of the claimants as well as the court, that the burden of proving that the amounts claimed as credits were improper was upon the exceptors. This is evidenced by the following statement of one of the attorney claimants:

"I move that the matter be dismissed. No showing here in any way, shape or form, that any of the amounts paid by the executor were improper."

And the subsequent statement by the court:

"The burden is on the ones taking exceptions to show that the compensation was unreasonable and improper."

The trial judge thereupon carried into execution his theory of the law upon the question of the burden of proof by sustaining a motion to dismiss the exceptions for the failure of the exceptors to prove their objections to the allowed credits, and entered a judgment thereon.

From this judgment, appeal was prosecuted to this court.

This court deems it unnecessary to review the various new and amended statutes contained in the Probate Code of Ohio governing the rules now under consideration. So far as the questions here involved are concerned, the statutes do not change the rules heretofore pronounced by the courts of Ohio.

The following language of Judge Spear in *McMahon, Admr.,* v. *Ambach & Co.,* 79 Ohio St., 103, at pp. 119-120, 86 N. E., 512, is as applicable to the case here under consideration as it was to the case being decided:

"* * * the item of extra allowance was like any other item of the account excepted to. * * * The

burden, therefore, was on the claimant to show that the services rendered by him were such as the law permits an extra allowance for, and to offer evidence to enable the court to properly fix the amount. He did neither. He was content to rest upon the action of the probate court. But, as we have held, that action was open to review and was then the very subject of review. It is not necessary to here consider the effect of an allowance * * * where a written motion for allowance had been filed in the probate court and notice given to all interested parties, for we have no such case before us.''

Reference is also made to the fourth paragraph of the syllabus in *Steward* v. *Barry, Admr.,* 102 Ohio St., 129, 131 N. E., 492:

''4. When the correctness of a credit taken by an administrator in his account is challenged, the burden of establishing the validity of such credit is upon such administrator.''

The conduct of the exceptors in introducing such evidence as they did and at the time they did was not an assumption of the burden of proving that the credits were not justified so as to relieve the executor of the burden which the law places upon him to justify his disbursements.

The judgment of the Probate Court is reversed, and the cause is remanded for hearing on the exceptions.

*Judgment reversed and cause remanded.*

Stevens and Washburn, JJ., concur.